UNITED STATES of America, Plaintiff—Appellee,

v.

Steven Robert COMISAR, aka Larry Bradshaw, aka Steve Campbell, Defendant—Appellant.

No. 05–50341.

United States Court of Appeals, Ninth Circuit.

Submitted May 1, 2006.*

Filed May 9, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Matthew E. Sloan, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Steven Robert Comisar, San Bernardino, CA, pro se.

Charles M. Bonneau, Jr., Esq., Sacramento, CA, for Defendant–Appellant.

Before: LAY,** KLEINFELD, and SILVERMAN, Circuit Judges.

** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

1. *United States v. Mix*, 442 F.3d 1191, 1196 (9th Cir.2006).

### MEMORANDUM ***

Comisar appeals his 125–month sentence for his fraud conviction. He also appeals the district court's refusal to grant him an evidentiary hearing to determine if he merited a U.S.S.G. § 5K1.1 motion from the government.

■ Comisar argues that it was an error for the district court to use judicial fact-finding to enhance his sentence under U.S.S.G § 4A1.3. Because Comisar was sentenced under the advisory Guidelines regime, the judge properly applied both the Guidelines and the factors enumerated in 18 U.S.C. § 3553(a) to determine an appropriate sentence. She recognized her discretion to depart upwards under § 4A1.3 and balanced the factors enumerated in § 3553(a) to determine that a 125 month sentence was appropriate. It is "abundantly clear that the district court imposed a sentence outside of the Guidelines based upon consideration of § 3553(a) factors that the district court believed had not been adequately taken account of by the Guidelines calculation."[1] Therefore, the 125 month sentence is, under our decision in *United States v. Mix*, "reasonable."[2]

■ A district court can review the government's failure to file a § 5K1.1 motion if the defendant makes a "substantial threshold showing" that the government had an improper motive.[3] A mere claim of substantial assistance is not a "substantial showing."[4] Comisar introduced no evi-

2. *See id.* at 1197–98.

3. *United States v. Mkhsian*, 5 F.3d 1306, 1314 (9th Cir.1993).

4. *Id.*

dence, outside of his "mere claim," that he qualified for a § 5K1.1 motion or that the government had an improper motive for withholding the motion. Comisar claimed an entitlement to a substantial assistance recommendation when one of his claimed "assists" was more extortion than cooperation. The record shows that the government was far from arbitrary in finding no value in Comisar's self-described "assistance."

**AFFIRMED.**

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.