**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Steven Robert COMISAR, Defendant—
Appellant.**

**No. 07–50325.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 4, 2008.

Filed Sept. 2, 2008.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Ranee A. Katzenstein, Esquire, Michael J. Raphael, Esquire, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Charles Marchand Bonneau, II, Esquire, Sacramento, CA, for Defendant–Appellant.

* The Honorable Roger J. Miner, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

Before: REINHARDT, MINER,* and BERZON, Circuit Judges.

### MEMORANDUM **

Defendant-appellant Steven Robert Comisar ("Comisar") appeals from his sentence, entered on July 18, 2007, following his guilty plea to one count of using the United States mail to commit extortion, in violation of 18 U.S.C. §§ 1952(a)(3), 2(b). We have jurisdiction of Comisar's appeal pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. Comisar is currently serving a 125-month sentence imposed on April 24, 2005, following a 2003 conviction in another case, *see United States v. Steven Robert Comisar,* CR 03–10–MMM (C.D.Cal.2003), *aff'd United States v. Comisar,* 180 Fed.Appx. 651 (9th Cir.2006).

▮ In this case, the district court imposed a term of imprisonment of sixty months, to run consecutively to the undischarged term previously imposed for the 2003 conviction. The underlying facts are known to the parties and need not be repeated here.

Comisar claims that the district court unreasonably ordered his sentence to run consecutively to his undischarged 125-month term of imprisonment for his 2003 conviction. Specifically, he argues that the district court committed error when it (1) failed to provide an adequate statement of reasons for the denial of his request for a concurrent sentence in the present case; and (2) allegedly used the underlying extortion conduct in the case at bar to im-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

pose an upward departure at sentencing for the 2003 conviction pursuant to section 4A1.3 of the Guidelines. Comisar claims that the consecutive sentence therefore amounts to "double punishment" because the district court had already taken the conduct into consideration when it departed upward at his 2005 sentencing for the 2003 conviction.

Where an appellant challenges the sentence imposed by the district court, we first consider "whether the district court properly calculated the applicable range under the advisory guidelines." *United States v. Warr*, 530 F.3d 1152, 1158 (9th Cir.2008) (quoting *United States v. Barsumyan*, 517 F.3d 1154, 1157 (9th Cir.2008)). Second, we consider "challenges to the reasonableness of the overall sentence in light of all the 18 U.S.C. § 3553(a) factors, including the applicable Guidelines range." *Warr*, 530 F.3d at 1158 (internal quotation marks omitted). A review for reasonableness of the sentence imposed by the district court requires us to "ask[ ] whether the trial court abused its discretion." *Warr*, 530 F.3d at 1160 (internal quotation marks omitted).

We conclude that the district court adequately stated its reasons for the sentence imposed and its reasons for rejecting Comisar's arguments for a concurrent sentence. At Comisar's sentencing, the district court stated that it had "carefully" reviewed all submissions and that it had "considered everything that has been given to [it]." The district court then recognized its "obligation" under 18 U.S.C. § 3553(a) and set forth a detailed analysis of the factors enumerated in section 3553(a). The court discussed the severity of Comisar's crime, the fact that the crime was committed while Comisar was serving a prison sentence, Comisar's history of "violations," the importance of deterrence, and the goal of protecting the public.

Moreover, the district court repeatedly addressed the issue of whether Comisar's sentence would run concurrently with his 125–month term of imprisonment imposed for his 2003 conviction. The court clearly stated that no promise of a concurrent sentence was ever made to Comisar.

We also reject Comisar's argument that the conduct underlying this case was part of the reason for the upward departure at the 2005 sentencing hearing for his 2003 conviction. At Comisar's sentencing hearing for his 2003 conviction, the district judge explicitly excluded the conduct underlying this case from her consideration of whether or not to depart upward: "The [c]ourt will note ... that it has not considered the information regarding the ... alleged extortion plot in determining the appropriate sentence to apply in this case. It has certainly not considered it in terms of whether or not [Comisar's] criminal history is substantially understated" for purposes of an upward departure pursuant to Guidelines section 4A1.3. Comisar has failed to point to anything in the record before us indicating that the district judge improperly considered the conduct in this case when deciding to impose an upward departure in the 2003 case.

■ Finally, we reject Comisar's sentencing-manipulation claim that he was denied due process of law by the government's "unnecessary delay in charging the current offense" for the purpose of increasing his sentencing exposure or "lengthening the total term imposed on the two federal prosecutions." This Court has declined to adopt a rule that due process is violated when the government opts to continue its investigation after it has obtained sufficient evidence to indict. *See United States v. Baker*, 63 F.3d 1478, 1500 (9th Cir.1995) (questioning the "viability of [the] sentencing manipulation ... doctrine" and holding that "[s]uch a rule would unnecessarily and unfairly restrict

the discretion and judgment of investigators and prosecutors").

Comisar's request for judicial notice is denied.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.